John P. MORGAN

v.

CITY OF WARWICK et al.

No. 84–182–Appeal.

Supreme Court of Rhode Island.

June 19, 1986.

Sandra A. Blanding, Amato A. DeLuca, Revens & DeLuca, Warwick, for plaintiff.

Robert D. Watt, Asst. City Solicitor, for defendant.

OPINION

MURRAY, Justice.

This matter, concerning the applicability of G.L. 1956 (1984 Reenactment) § 42–28.-6–4, the right-to-hearing provision of the Law Enforcement Officers' Bill of Rights, is before this court on appeal from a Superior Court judgment denying the plaintiff's petition for a writ of mandamus and motion for a preliminary injunction. We affirm.

The plaintiff, John P. Morgan, is a police officer employed by the city of Warwick. From July 10, 1982, until March 1, 1984, plaintiff was a member of the police department's detective division. On February 28, 1984, the city's chief of police, John F. Coutcher, informed Officer Morgan that, effective March 1, 1984, he was being reassigned to the department's uniformed division. Chief Coutcher stated that the transfer was being effectuated for "the good of the department." The underlying basis for the transfer was plaintiff's alleged divulgence of confidential departmental information.

The disclosure purportedly occurred on February 27, during the course of another Warwick police officer's bill-of-rights hearing. Officer Morgan was in attendance as a representative of Warwick Lodge No. 7, Fraternal Order of Police (FOP), the exclusive bargaining agent for members of the Warwick police department. The plaintiff, while seated at counsel table, allegedly described a certain undercover police vehicle to the officer's attorney.

After being informed of the incident and consulting with members of his staff, Chief Coutcher elected to transfer Officer Morgan. No hearing was afforded plaintiff. The Board of Public Safety of the City of Warwick approved the reassignment.

Thereafter, Officer Morgan sought equitable relief in the Superior Court. Alleging, inter alia, that the transfer was punitive in nature and thus within the hearing requirement of § 42–28.6–4, plaintiff, seeking to compel defendants to conduct such a proceeding, petitioned for a writ of mandamus. Officer Morgan also sought to enjoin defendants from engaging in any retaliatory punitive action against him. The plaintiff contended that the reassignment was effectuated in retribution for his activities as a FOP representative and his exercise of his federal constitutional rights of freedom of speech and association, as well

as his rights pursuant to the Police Officers' Bill of Rights.

During proceedings concerning plaintiff's petition for a writ of mandamus and motion for a preliminary injunction, Chief Coutcher testified that although disclosure of confidential information to nonmembers of the police department is a violation of the department's rules and regulations, he elected not so to charge plaintiff. Instead, he chose simply to transfer Officer Morgan on the asserted basis that the best interests of the department necessitated the reassignment. In concluding that such action would serve the police department's best interests, Chief Coutcher relied on his finding that the alleged disclosure had caused other members of the detective division to lose confidence and trust in plaintiff. By removal from the division, Officer Morgan would be deprived of further access to the type of information purportedly divulged.

Chief Coutcher's decision not to charge plaintiff with violating departmental regulations was based, at least in part, on his desire to avoid triggering the right-to-hearing provision of the Police Officers' Bill of Rights. The chief of police opined that transfers effectuated in order to serve the department's best interests are within his discretion and are not subject to the hearing requirement of chapter 28.6 of title 42.

As a result of his transfer to the uniformed division, Officer Morgan experienced a change in his job responsibilities as well as a change in his scheduled work hours. Further, plaintiff no longer received the 8–percent salary differential afforded members of the detective division.[1] Officer Morgan also became ineligible for the additional clothing allowance provided to detectives.

In denying plaintiff's petition for a writ of mandamus and motion for a preliminary injunction, the trial justice concluded that the reassignment was not punitive in nature and therefore not within the ambit of § 42–28.6–4. The court found that the

---

1. However, unlike members of the uniformed division, detectives do not receive any additional compensation for the first three hours of overtime worked per week.

transfer was intended not to punish Officer Morgan but merely to serve the best interests of the department by removing plaintiff from a position in which he would continue to possess access to sensitive, confidential information of the type allegedly disclosed. The trial justice determined that the action was simply an administrative transfer which, pursuant to the terms of the collective-bargaining agreement between the city and the FOP, was within the discretion of the chief of police. The court found the transfer to be lateral, with no decrease in grade or salary except for a loss of minor fringe benefits which are incidental to the character of an assignment to the detective division.

Section 42–28.6–4 provides in pertinent part as follows:

"Right to hearing.—If the investigation or interrogation of a law enforcement officer results in the recommendation of some action, such as demotion, transfer, dismissal, loss of pay, reassignment, or similar action which would be considered a punitive measure, then, before taking such action, the law enforcement agency shall give notice to the law enforcement officer that he is entitled to a hearing on the issues by a hearing committee."

The statute affords a police officer a right to a hearing only in situations in which punitive measures are contemplated.

■■■■ The question of whether challenged activity constitutes a "punitive measure" as the phrase is employed in § 42–28.6–4 involves determinations of law and fact. It is well settled that a trial justice's resolution of such mixed questions is entitled to the same deference as his or her factual findings. The trial court's findings and conclusions will be accorded great weight and will not be disturbed by this court on appeal unless it is demonstrated that such determinations are clearly wrong

or that the trial justice overlooked or misconceived material evidence. *Martin v. Wilson Publishing Co.*, 497 A.2d 322, 326 (R.I. 1985); *Fournier v. Fournier*, 479 A.2d 708, 715 (R.I. 1984).

■■■■ Applying such a standard to the matter before us, we conclude that the trial court's determination that the reassignment was not a punitive measure and therefore not within the ambit of § 42–28.-6–4 was not clearly erroneous. In so deciding, the trial justice accepted Chief Coutcher's testimony that the transfer was intended to serve the department's best interests by removing Officer Morgan from a position in which he would have access to confidential information concerning undercover activities. Assessing the credibility of witnesses and weighing their testimony are functions within the province of the trial court. *Cheetham v. Cheetham*, 493 A.2d 814, 816 (R.I. 1985); *Bengtson v. Hines*, 457 A.2d 247, 251 (R.I. 1983).

Having determined that the reassignment was not a punitive measure, the trial justice did not abuse his discretion in denying Officer Morgan's petition for a writ of mandamus. It is well settled that mandamus is an extraordinary writ that shall issue only when the petitioner has a clear legal right to have the requested act done and when the respondent has a ministerial, legal duty to perform such act without discretion to refuse. *Buckley v. Affleck*, 493 A.2d 828, 829 (R.I. 1985). The challenged action being a nonpunitive, administrative transfer, § 42–28.6–4 was inapplicable. Accordingly, plaintiff lacked any legal right to a bill-of-rights hearing. Further, pursuant to the provisions of the collective-bargaining agreement between the city and the FOP, administrative transfers are within the discretion of the chief of police.[2]

---

2. The collective-bargaining agreement between the city of Warwick and Warwick Lodge No. 7, Fraternal Order of Police, Inc., which was intended to cover the period July 1, 1982, to June 30, 1983, but which by mutual consent remained in effect through March 1, 1984, provided in pertinent part as follows:

"RECOGNITION
(b) The CITY OF WARWICK, and the Board of Public Safety of the City of Warwick, shall retain the right to issue rules and regulations governing the internal conduct of the City of Warwick Police Department, as provided by law; and further shall at all times

 Similarly, in view of the plaintiff's obvious inability to succeed on the merits of his claim, the trial justice did not abuse his discretion in denying Officer Morgan's motion for preliminary injunction.

For the above reasons, the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in the case are remanded to the Superior Court.

retain the right to manage and direct the operations of the City of Warwick Police Department, including and without limiting the generality of the foregoing, the right to make such assignments and transfers of personnel as may be deemed by the City of Warwick and the Board of Public Safety of the City of Warwick in the best interest of the administration of the City of Warwick Police Department.

\* \* \*

TRANSFERS

SECTION 24.

(A) There shall be no intradepartmental transfer of any member of the City of Warwick Police Department until such member shall have served a period of at least three (3) years in the Uniform Division. *Following such period of service of three (3) years, administrative transfer may be made by the Chief of Police, at his discretion."* (Emphasis added.)