cided were more credible. This court has consistently held that the findings of fact made by a trial judge sitting without a jury will not be overturned absent our finding that the trial justice misconceived or overlooked evidence or was otherwise clearly wrong. *Proffitt v. Ricci,* 463 A.2d 514 (R.I. 1983). Based on the trial justice's assessment of defendant's credibility, it cannot be concluded that he erred in finding the defendant guilty.

Consequently, we deny and dismiss the defendant's appeal.

## STATE

v.

## Carlos CAMPOS.

### No. 93-284-C.A.

Supreme Court of Rhode Island.

Nov. 18, 1993.

Aaron Weisman, Providence.

Barbara Hurst, Janice Weisfeld, Providence.

## ORDER

This case came before the court for oral argument on November 9, 1993, pursuant to an order directing Carlos Campos (defendant) to show cause why his appeal from conviction of one count of possession of heroin should not be summarily decided. After reviewing the memoranda submitted by the parties and hearing the oral argument of counsel, we are of the opinion that cause has not been shown.

The only issue at the jury-waived trial was the credibility of witnesses who presented two totally divergent accounts of events surrounding defendant's arrest. One version was by defendant and his friend, the other by two police officers whom the trial judge de-

## TOWN OF FOSTER

v.

## Louis L. VINAGRO, Jr. and Beverly Vinagro.

### No. 93-95-Appeal.

Supreme Court of Rhode Island.

Nov. 18, 1993.

Arthur Read, III, Providence.

Michael P. Lynch, Coventry.

## ORDER

This matter came before the Supreme Court pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case defendants appeal from the granting of a preliminary injunction against them at the request of the plaintiff town of Foster. The order of the court enjoined the defendants from feeding garbage to their pigs.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, it is the conclusion of this court that cause has not been shown. The court is of the opinion that the town has

standing to bring the complaint in this case to enjoin the violation of its own ordinances. The court is further of the opinion that there was sufficient showing of likelihood of success on the merits.

The defendants challenge the trial justice's findings based on the credibility of witnesses and the weight of the evidence. It is the duty of the fact finder, not this court, to assess the credibility of witnesses and the weight of the evidence. *Morgan v. City of Warwick,* 510 A.2d 1297, 1299 (R.I.1986). Furthermore, defendants' expert testimony that garbage is an acceptable feed for pigs is totally irrelevant to the issue of whether the ordinances of the town of Foster were being violated. Finally, defendants' constitutional challenge of the ordinance was not established.

For these reasons the defendants' appeal is denied and dismissed, the injunction appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

WEISBERGER, Acting C.J., did not participate.