Joan J. ALMEIDA

v.

RED CAP CONSTRUCTION INC., et al.

No. 93–138–Appeal.

Supreme Court of Rhode Island.

March 9, 1994.

Marty C. Marran, Marran Law Offices, Pawtucket, for plaintiff.

Quentin Anthony, Sheffield & Harvey, Newport, for defendants.

OPINION

PER CURIAM.

This matter came before a hearing panel of the Supreme Court on February 15, 1994, pursuant to an order directing the plaintiff, Joan J. Almeida, to appear and to show cause why the issues raised in her appeal should not be summarily decided. The plaintiff has appealed from a denial of her motion to vacate the judgments for the defendants, pursuant to Rule 60(b) of the Superior Court Rules of Civil Procedure on the basis of newly discovered evidence.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

This case arose out of a dispute over construction of plaintiff's home in Tiverton, Rhode Island. The defendant Red Cap Construction, Inc. (Red Cap), had filed a notice of lis pendens and a complaint to enforce a mechanic's lien against plaintiff. The plaintiff filed a complaint against this defendant for breach of contract, slander, and false imprisonment. The cases were consolidated for trial.

After a jury-waived trial the trial justice determined that plaintiff had entered into a contract with the corporation, not the individual defendants. He concluded that the evidence in the record clearly indicated that Red Cap had breached its contract with plaintiff and awarded money damages against the corporation. The trial justice declined to enter judgment against the individual defendants. He specifically found that "[c]learly Mr. Fisher had a working relationship with Mr. Settle, who was a principal of

the corporation, and clearly he was acting as an agent along with Mr. Settle, who was an officer in the corporation, in executing this contract on behalf of the corporation."

The plaintiff also contends that the judgment should have been vacated on the basis of the newly discovered evidence that Red Cap's corporate charter had been revoked. The record reflects that Red Cap's charter was revoked on September 23, 1989, long after its work for plaintiff had ceased. The trial was held on April 13 and 14, 1992. The plaintiff did not offer any reason to explain why the evidence of revocation could not have been discovered with due diligence in time for the trial. The trial justice correctly denied the motion.

On the claim of false imprisonment there was conflicting testimony. A trial justice's factual findings are entitled to great weight. *Morgan v. City of Warwick*, 510 A.2d 1297, 1299 (R.I.1986). On the record before this court it cannot be said that the trial justice misconceived or overlooked material evidence. He chose to believe Settle over plaintiff. A credibility determination is particularly within the province of the factfinder. *Id.* It will not be lightly questioned by this court. *Id.*

For all these reasons the plaintiff's appeal is denied and dismissed, the judgments and orders appealed from are affirmed, and the papers of the case are remanded to the Superior Court.

WEISBERGER, Acting C.J., did not participate.