EASTERN INVESTMENT CONCEPTS, INC.

v.

Richard ROMANOFF et al.

No. 93–129–Appeal.

Supreme Court of Rhode Island.

March 9, 1994.

William R. Landry, Blish & Cavanagh, Providence, for plaintiff.

Raymond R. Pezza, Providence, for defendants.

## OPINION

PER CURIAM.

This matter came before a hearing panel of the Supreme Court on February 15, 1994, pursuant to an order directing the defendants to appear and to show cause why the issues raised in this appeal should not be summarily decided. In this case the defendants, Richard Romanoff and Kathy Ann Development Corporation, appealed from a judgment for the plaintiff, Eastern Investment Concepts, Inc., that granted the plaintiff's request for reformation of a contract and specific performance.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. At issue in this case are two written purchase-and-sale agreements regarding certain real property in the town of Richmond, Rhode Island. One of the agreements concluded in a conveyance and is not now before the court. The other agreement contained an internal ambiguity in that the reference to a single numbered lot was at variance with the acreage to be conveyed.

After a full hearing the trial justice decided that the parties intended to convey lot Nos. 20, 21, 31, and 32, which together contain approximately the fifty-four acres claimed by plaintiff. The trial justice specifically found that defendant Romanoff's testimony to the contrary was not credible.

Determinations of credibility are particularly within the province of the trial justice. *Morgan v. City of Warwick,* 510 A.2d 1297, 1299 (R.I.1986). The ordering of specific performance also rests within the sound discretion of the trial justice. *Eastern Motor Inns v. Ricci,* 565 A.2d 1265, 1269 (R.I.1989). The court is of the opinion that the plaintiff met its burden of proof and that the trial justice was fully justified in the ordering of specific performance.

For these reasons the defendants' appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

WEISBERGER, Acting C.J., did not participate.