Ronald R.S. PICERNE et al.

v.

The WELLINGTON GROUP, INC., et al.

No. 95–169–Appeal.

Supreme Court of Rhode Island.

April 4, 1996.

**454**

Joseph A. Montalbano, North Providence, for Plaintiffs.

Arlene M. Violet, East Providence, Paul E. Phillips, Providence, for Defendants.

## OPINION

PER CURIAM.

This case came before the court for oral argument March 6, 1996, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The Wellington Group, Inc. (Wellington), has appealed from a judgment entered in the Superior Court denying and dismissing its cross-claims against codefendants, Carolyn Boisclair, Roland Boisclair, Virginia Briggs, Beverly Lukowicz, Frances Johnson, and Muriel Sprague. The plaintiffs, Ronald R.S. Picerne and Robert E. DeBlois, Sr., are not parties to this appeal but had brought an action in the Superior Court to clear a cloud on their title to certain real estate located in West Warwick, Rhode Island. Wellington had received deeds from codefendants that included a purported grant of real estate that in part encroached upon land claimed by plaintiffs. The trial justice sustained plaintiffs' claim and determined that their survey was correct and that the survey filed by Wellington was incorrect. Wellington's cross-claim against codefendants sought damages and indemnity for costs for breach of warranty by reason of the incorrect description contained in the warranty deeds that transferred three parcels of land to Wellington in 1986.

The trial justice in a careful and extensive decision balanced the equities between Wellington and its codefendants, all of whom were elderly and unsophisticated and had relied upon a survey known to Wellington prior to the conveyances by codefendants. After balancing the equities, the trial justice determined that Wellington was not equitably entitled to relief in the form of monetary damages either from the Boisclair estate or from the other codefendants.

The decision of a trial justice resolving mixed questions of law and fact is entitled to great weight and will not be disturbed unless the trial justice has overlooked or misconceived relevant and material evidence or is otherwise clearly wrong. *Cerilli v. Newport Offshore, Ltd.,* 612 A.2d 35, 39 (R.I.1992); *Miller v. Dixon Industries Corp.,* 513 A.2d 597, 601 (R.I.1986); *Morgan v. City of Warwick,* 510 A.2d 1297, 1299 (R.I.1986). Examination of the record discloses that the evidence supports the decision of the trial justice both in her finding of facts and in her balancing of the equities.

For the reasons stated the appeal of Wellington is denied and dismissed. The judgment entered in the Superior Court dismissing the cross-claims is affirmed.

FLANDERS, J., not participating.